| | |
|---|---|
| District Court, Arapahoe County, State of Colorado<br>7325 South Potomac Street, #100<br>Centennial, Colorado 80112 | DATE FILED: April 29, 2022 4:50 PM<br>FILING ID: C9AE108A81BAA<br>CASE NUMBER: 2022CV30766 |
| **Plaintiff:**     MAHA SULEIMAN<br><br>**Defendants:**  REFLECTIONS AT CHERRY CREEK; NEW WESTDALE HOMEOWNERS ASSOCIATION, INC.; WESTDALE ASSET MANAGEMNET, LTD.; WESTDALE CHERRY CREEK CO, L.L.C.; & WESTDALE CHERRY CREEK GP, L.L.C. | |
| | **COURT USE ONLY** |
| Attorneys for Plaintiff:<br>WESTERN STATES LAW, P.C.<br>Dallas D. Norton, #22176<br>Kristofer D.A. Hofstra, #44968<br>14202 E. Evans Avenue<br>Aurora, CO 80014<br>kris@westernstateslaw.com<br>Phone Number:    (303) 400-8100<br>FAX Number:     (303) 632-8438 | Case Number:<br><br><br><br><br><br><br>Division:          Courtroom: |
| **COMPLAINT** | |

**COMES NOW**, Plaintiff, Maha Suleiman, by and through her attorneys, WESTERN STATES LAW, P.C., and respectfully submits the following Complaint:

## I.  GENERAL ALLEGATIONS

1. Plaintiff Maha Suleiman (hereinafter "Plaintiff") is a natural person residing in the State of Colorado.

2. Venue is proper, pursuant to C.R.C.P. 98, as the tort complained of herein occurred in Arapahoe County, State of Colorado.

3. At all times relevant hereto, Defendant Reflections at Cherry Creek, was a corporation licensed under the laws of Colorado.

4. At all times relevant hereto, Defendant New Westdale Homeowners Association, Inc., was a corporation licensed under the laws of Colorado.

5. At all times relevant hereto, Defendant Westdale Management, LTD., was a foreign corporation licensed under the laws of Texas

1

6. At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., was a foreign corporation licensed under the laws of Texas.

7. At all times relevant hereto, Defendant Westdale Cherry Creek GP, L.L.C., was a foreign corporation licensed under the laws of Delaware.

8. At all times relevant hereto, Defendant Reflections at Cherry Creek, was the landowner of the premises, located at 14261 East Tufts Place, Aurora, Colorado 80015.

9. At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., was the landowner of the premises, located at 14261 East Tufts Place, Aurora, Colorado 80015.

10. At all times relevant hereto, Defendant New Westdale Home Owners' Association, was the landowner of the premises, located at 14261 East Tufts Place, Aurora, Colorado 80015.

11. At all times relevant hereto, Defendant Westdale Asset Management, L.T.D., was the landowner of the premises, located at 14261 East Tufts Place, Aurora, Colorado 80015.

12. At all times relevant hereto, Defendant Westdale Cherry Creek, G.P., L.L.C., was the landowner of the premises, located at 14261 East Tufts Place, Aurora, Colorado 80015.

13. On or about May 1, 2020, Plaintiff was leaving 14261 East Tufts Place, Aurora, Colorado 80015.

14. Plaintiff began descending the stairs to the ground level.

15. Plaintiff stepped on a loose step.

16. The railing was loose.

17. The railing was decayed.

18. Plaintiff fell to the ground.

19. The loose step was a dangerous condition.

20. The loose handrail was a dangerous condition.

21. The decayed handrail was a dangerous condition.

22. Prior to Plaintiff's fall, Defendant Reflections at Cherry Creek, knew or should have known that a loose step presented a dangerous condition.

23. Prior to Plaintiff's fall, Defendant New Westdale Homeowners Association, Inc., knew or should have known that a loose step presented a dangerous condition.

24. Prior to Plaintiff's fall, Defendant Westdale Asset Management, LTD., knew or should have known that a loose step presented a dangerous condition.

25. Prior to Plaintiff's fall, Defendant Westdale Cherry Creek CO, L.L.C., knew or should have known that a loose step presented a dangerous condition.

26. Prior to Plaintiff's fall, Defendant Cherry Creek GP, L.L.C., knew or should have known that a loose step created a dangerous condition.

27. Prior to Plaintiff's fall, Defendant Reflections at Cherry Creek, knew or should have known that a loose handrail presented a dangerous condition.

28. Prior to Plaintiff's fall, Defendant New Westdale Homeowners Association, Inc., knew or should have known that a loose handrail presented a dangerous condition.

29. Prior to Plaintiff's fall, Defendant Westdale Asset Management, LTD., knew or should have known that a loose handrail presented a dangerous condition.

30. Prior to Plaintiff's fall, Defendant Westdale Cherry Creek CO, L.L.C., knew or should have known that a loose handrail presented a dangerous condition.

31. Prior to Plaintiff's fall, Defendant Westdale Cherry Creek GP, L.L.C., knew or should have known that a loose handrail presented a dangerous condition.

32. Prior to Plaintiff's fall, Defendant Reflections at Cherry Creek, knew or should have known that a decayed handrail presented a dangerous condition.

33. Prior to Plaintiff's fall, Defendant New Westdale Homeowners Association, Inc., knew or should have known that a decayed handrail presented a dangerous condition.

34. Prior to Plaintiff's fall, Defendant Westdale Asset Management, LTD., knew or should have known that a decayed handrail presented a dangerous condition.

35. Prior to Plaintiff's fall, Defendant Westdale Cherry Creek CO, L.L.C., knew or should have known that a decayed handrail presented a dangerous condition.

36. Prior to Plaintiff's fall, Defendant Westdale Cherry Creek GP, L.L.C., knew or should have known that a decayed handrail presented a dangerous condition.

37. At all times relevant hereto, Defendant Reflections at Cherry Creek, had the ability to provide Plaintiff with warnings that there was a loose step.

38. At all times relevant hereto, Defendant New Westdale Homeowners Association, Inc., had the ability to provide Plaintiff with warnings that there was a loose step.

39. At all times relevant hereto, Defendant Westdale Asset Management, LTD., had the ability to provide Plaintiff with warnings that there was a loose step.

40. At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., had the ability to provide Plaintiff with warnings that there was a loose step.

41. At all times relevant hereto, Defendant Westdale Cherry Creek GP, L.L.C., had the ability to provide Plaintiff with warnings that there was a loose step.

42. At all times relevant hereto, Defendant Reflections at Cherry Creek, had the ability to provide Plaintiff with warnings that the handrail was loose.

43. At all times relevant hereto, Defendant New Westdale Homeowners Association, Inc., had the ability to provide Plaintiff with warnings that the handrail was loose.

44. At all times relevant hereto, Defendant Westdale Asset Management, LTD., had the ability to provide Plaintiff with warnings that the handrail was loose.

45. At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., had the ability to provide Plaintiff with warnings that the handrail was loose.

46. At all times relevant hereto, Defendant Westdale Cherry Creek GP, L.L.C., had the ability to provide Plaintiff with warnings that the handrail was loose.

47. At all times relevant hereto, Defendant Reflections at Cherry Creek, had the ability to provide Plaintiff with warnings that the handrail was decayed.

48. At all times relevant hereto, Defendant New Westdale Homeowners Association, Inc., had the ability to provide Plaintiff with warnings that the handrail was decayed.

49. At all times relevant hereto, Defendant Westdale Asset Management, LTD., had the ability to provide Plaintiff with warnings that the handrail was decayed.

50. At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., had the ability to provide Plaintiff with warnings that the handrail was decayed.

51. At all times relevant hereto, Defendant Westdale Cherry Creek GP, L.L.C., had the ability to provide Plaintiff with warnings that the handrail was decayed.

52. At all times relevant hereto, Defendant Reflections at Cherry Creek, had control over the location where Plaintiff fell.

53. At all times relevant hereto, Defendant New Westdale Homeowners Association, Inc., had control over the location where Plaintiff fell.

54. At all times relevant hereto, Defendant Westdale Asset Management, LTD., had control over the location where Plaintiff fell.

55. At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., had control over the location where Plaintiff fell.

56. At all times relevant hereto, Defendant Westdale Cherry Creek GP, L.L.C., had control over the location where Plaintiff fell.

57. At all times relevant hereto, Defendant Reflections at Cherry Creek, had the ability to control the location where Plaintiff fell.

58. At all times relevant hereto, Defendant New Westdale Homeowners Association, Inc., had the ability to control the location where Plaintiff fell.

59. At all times relevant hereto, Defendant Westdale Asset Management, LTD., had the ability to control the location where Plaintiff fell.

60. At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., had the ability to control the location where Plaintiff fell.

61. At all times relevant hereto, Defendant Westdale Cherry Creek GP, L.L.C., had the ability to control the location where Plaintiff fell.

62. At all times relevant hereto, Defendant Reflections at Cherry Creek, had a duty to safely maintain the premises where Plaintiff fell.

63. At all times relevant hereto, Defendant New Westdale Homeowners Association, Inc., had a duty to safely maintain the premises where Plaintiff fell.

64. At all times relevant hereto, Defendant Westdale Asset Management, LTD., had a duty to safely maintain the premises where Plaintiff fell.

65. At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., had a duty to safely maintain the premises where Plaintiff fell.

66. At all times relevant hereto, Defendant Westdale Cherry Creek GP, L.L.C., had a duty to safely maintain the premises where Plaintiff fell.

67. As a direct and proximate result of the fall, Plaintiff has suffered bodily and personal injuries.

68. As a direct and proximate result of the above incident, Plaintiff has suffered, and may continue to suffer, past and future loss of enjoyment of life, past and possible future pain and suffering, temporary or permanent disability, impairment, past medical bills exceeding $103,000.00, past and future economic and non-economic losses, and other losses, as yet determined.

69. The damages incurred by Plaintiff were reasonably foreseeable consequences of the actions or inactions of Defendant Reflections at Cherry Creek.

70. The damages incurred by Plaintiff were reasonably foreseeable consequences of the actions or inactions of Defendant New Westdale Homeowners Association, Inc.

71. The damages incurred by Plaintiff were reasonably foreseeable consequences of the actions or inactions of Defendant Westdale Asset Management, LTD.

72. The damages incurred by Plaintiff were reasonably foreseeable consequences of the actions or inactions of Defendant Westdale Cherry Creek CO, L.L.C.

73. The damages incurred by Plaintiff were reasonably foreseeable consequences of the actions or inactions of Defendant Westdale Cherry Creek GP, L.L.C.

74. Defendant Reflections at Cherry Creek, breached duties owed to Plaintiff.

75. Defendant New Westdale Homeowners Association, Inc., breached duties owed to Plaintiff.

76. Defendant Westdale Asset Management, LTD., breached duties owed to Plaintiff.

77. Defendant Westdale Cherry Creek CO, L.L.C., breached duties owed to Plaintiff.

78. Defendant Westdale Cherry Creek GP, L.L.C., breached duties owed to Plaintiff.

79. At all times relevant hereto, Plaintiff was an invitee on the premises where she fell.

## II. FIRST CLAIM FOR RELIEF AGAINST DEFENDANT REFLECTIONS AT CHERRY CREEK: PREMISES LIABILITY PURSUANT TO C.R.S. § 13-21-115

80. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

81. Plaintiff was an invitee on the subject property.

82. Defendant Reflections at Cherry Creek caused the dangerous condition on the property.

83. Defendant Reflections at Cherry Creek knew of the dangerous condition on the property.

84. Defendant Reflections at Cherry Creek should have known about the dangerous condition on the property.

85. Defendant Reflections at Cherry Creek's failure to use reasonable care caused Plaintiff's injuries, damages, and losses, as set forth above.

86. Defendant Reflections at Cherry Creek is a landowner under § C.R.S. 13-21-115.

87. Defendant Reflections at Cherry Creek is liable to Plaintiff under § C.R.S. 13-21-115.

WHEREFORE, Plaintiff prays for judgment against Defendant Reflections at Cherry Creek on her first claim for relief in an amount to be determined at trial, and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

### III. SECOND CLAIM FOR RELIEF AGAINST DEFENDANT NEW WESTDALE HOMEOWNERS ASSOCIATION, INC.: PREMISES LIABILITY PURSUANT TO C.R.S. § 13-21-115

88. Plaintiff incorporates the preceding paragraphs above as if fully set forth herein.

89. Plaintiff was an invitee on the subject property.

90. Defendant New Westdale Homeowners Association, Inc., caused the dangerous condition on the property.

91. Defendant New Westdale Homeowners Association, Inc., knew of the dangerous condition on the property.

92. Defendant New Westdale Homeowners Association, Inc., should have known of the dangerous condition on the property.

93. Defendant New Westdale Homeowners Association, Inc.'s, failure to use reasonable care caused Plaintiff's injuries, damages, and losses, as set forth above.

94. Defendant New Westdale Homeowners Association, Inc., is a landowner under § C.R.S. 13-21-115.

95. Defendant New Westdale Homeowners Association, Inc., is liable to Plaintiff under § C.R.S. 13-21-115.

WHEREFORE, Plaintiff prays for judgment against Defendant New Westdale Homeowners Association, Inc., on her second claim for relief in an amount to be determined at trial, and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

### IV. THIRD CLAIM FOR RELIEF AGAINST DEFENDANT WESTDALE ASSET MANAGEMENT, LTD.: PREMISES LIABILITY PURSUANT TO C.R.S. § 13-21-115

96. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

97. Plaintiff was an invitee on the subject property.

98. Defendant Westdale Asset Management LTD., caused the dangerous condition on the property.

99. Defendant Westdale Asset Management, LTD., knew of the dangerous condition on the property.

100. Defendant Westdale Asset Management, LTD., should have known of the dangerous condition on the property.

101. Defendant Westdale Asset Managements, LTD.'s failure to use reasonable care caused Plaintiff's injuries, damages, and losses, as set forth above.

102. Defendant Westdale Asset Management, LTD., is a landowner under § C.R.S. 13-21-115.

103. Defendant Westdale Asset Management, LTD., is liable to Plaintiff under § C.R.S. 13-21-115.

WHEREFORE, Plaintiff prays for judgment against Defendant Westdale Asset Management, LTD., on her third claim for relief in an amount to be determined at trial, and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

### V. FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT WESTDALE CHERRY CREEK CO, L.L.C.: PREMISES LIABILITY PURSUANT TO C.R.S. § 13-21-115

104. Plaintiff was an invitee on the subject property.

8

105. Defendant Westdale Cherry Creek CO, L.L.C., caused the dangerous condition on the property.

106. Defendant Westdale Cherry Creek CO, L.L.C., knew of the dangerous condition on the property.

107. Defendant Westdale Cherry Creek CO, L.L.C., should have known of the dangerous condition on the property.

108. Defendant Westdale Cherry Creek CO, L.L.C.'s failure to use reasonable care caused Plaintiff's injuries, damages, and losses, as set forth above.

109. Defendant Westdale Cherry Creek CO, L.L.C., is a landowner under § C.R.S. 13-21-115.

110. Defendant Westdale Cherry Creek CO, L.L.C., is liable to Plaintiff under § C.R.S. 13-21-115.

WHEREFORE, Plaintiff prays for judgment against Defendant Westdale Cherry Creek CO, L.L.C., on her fourth claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

## VI. FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT WESTDALE CHERRY CREEK GP, L.L.C.: PREMISES LIABILITY PURSUANT TO C.R.S. § 13-21-115

111. Plaintiff was an invitee on the subject property.

112. Defendant Westdale Cherry Creek GP, L.L.C., caused the dangerous condition on the property.

113. Defendant Westdale Cherry Creek GP, L.L.C., knew of the dangerous condition on the property.

114. Defendant Westdale Cherry Creek GP, L.L.C., should have known of the dangerous condition on the property.

115. Defendant Westdale Cherry Creek GP, L.L.C.'s failure to use reasonable care caused Plaintiff's injuries, damages, and losses, as set forth above.

116. Defendant Westdale Cherry Creek GP, L.L.C., is a landowner under § C.R.S. 13-21-115.

117. Defendant Westdale Cherry Creek GP, L.L.C., is liable to Plaintiff under § C.R.S. 13-21-115.

WHEREFORE, Plaintiff prays for judgment against Defendant Westdale Cherry Creek GP, L.L.C., on her fifth claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

## VII. SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT REFLECTIONS AT CHERRY CREEK: NEGLIGENCE

118. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

119. At all times relevant hereto, Defendant Reflections at Cherry Creek owed Plaintiff duties of reasonable care and safety while managing the premises.

120. Defendant Reflections at Cherry Creek negligently and carelessly breached duties owed to Plaintiff.

121. The negligence of Defendant Reflections at Cherry Creek was a direct and proximate cause of the injuries and damages sustained by Plaintiff, as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant Reflections at Cherry Creek on her sixth claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrues pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness ad attorney fees where appropriate.

## VIII. SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT NEW WESTDALE HOMEOWNERS ASSOCIATION, INC.: NEGLIGENCE

122. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

123. At all times relevant hereto, Defendant New Westdale Homeowners Association, Inc., owed Plaintiff duties of reasonable care and safety while managing the premises.

124. Defendant New Westdale Homeowners Association, Inc., negligently ad carelessly breached duties owed to Plaintiff.

125.    The negligence of Defendant New Westdale Homeowners Association, Inc., was a direct and proximate cause of the injuries and damages sustained by Plaintiff, as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant New Westdale Homeowners Association, Inc., on her seventh claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrues pursuant to C.R.S Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

## IX. EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT WESTDALE ASSET MANAGEMENT, LTD.:

126.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

127.    At all times relevant hereto, Defendant Westdale Asset Management, LTD., owed Plaintiff duties of reasonable care and safety while managing the premises.

128.    Defendant Westdale Asset Management, LTD., negligently and carelessly breached duties owed to Plaintiff.

129.    The negligence of Defendant Westdale Asset Management, LTD., was a direct and proximate cause of the injuries and damages sustained by Plaintiff, as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant Westdale Asset Management, LTD., on her eighth claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

## X. NINTH CLAIM FOR RELIEF AGAINST WESTDALE CHERRY CREEK CO, L.L.C.:
## NEGLIGENCE

130.    Plaintiff incorporated the preceding paragraphs as if fully set forth herein.

131.    At all times relevant hereto, Defendant Westdale Cherry Creek CO, L.L.C., owed Plaintiff duties of reasonable care and safety while managing the premises.

132.    Defendant Westdale Cherry Creek CO, L.L.C., negligently and carelessly breached duties owed to Plaintiff.

133. The negligence of Defendant Cherry Creek CO, L.L.C., was a direct and proximate cause of the injuries and damages sustained by Plaintiff, as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant Westdale Cherry Creek CO, L.L.C., of her ninth claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

## XI. TENTH CLAIM FOR RELIEF AGAINST DEFENDANT WESTDALE CHERRY CREEK GP, L.L.C.:

134. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

135. At all times relevant hereto, Defendant Westdale Cherry Creek GP, L.L.C., owed Plaintiff duties of reasonable care and safety while managing the premises.

136. Defendant Westdale Cherry Creek GP, L.L.C., negligently and carelessly breached duties owed to Plaintiff.

137. The negligence of Defendant Westdale Cherry Creek GP, L.L.C., was a direct and proximate cause of the injuries and damages sustained by Plaintiff, as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant Westdale Cherry Creek GP, L.L.C., on her tenth claim for relief in an amount to be determined at trial and for such other and further relief as the Court deems just and proper, including, but not limited to, interest from the date this action accrued pursuant to C.R.S. Section 13-21-101, as amended, for costs and expert witness and attorney fees where appropriate.

DATED this 29th day of April, 2022.

Respectfully submitted,

WESTERN STATES LAW, P.C.

*/s/ Kristofer D.A. Hofstra*
_____
Kristofer D.A. Hofstra, #44968
Attorney for Plaintiff