IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02308-RMR-NRN

MAHA SULEIMAN,

Plaintiff,

v.

REFLECTIONS AT CHERRY CREEK;
NEW WESTDALE HOMEOWNER ASSOCIATION, INC.;
WESTDALE ASSET MANAGEMENT, LTD.;
WESTDALE CHERRY CREEK CO, L.L.C.;
WESTDALE CHERRY CREEK GP, L.L.C.;

Defendants.

## ORDER APPOINTING COUNSEL

Entered by Magistrate Judge N. Reid Neureiter

During a Status Conference on June 30, 2023, Plaintiff Maha Suleiman made an oral motion for the appointment of counsel. (*See* Dkt. #50.) Upon review of the record in this case, it is HEREBY ORDERED that Plaintiff is appointed counsel from the Civil Pro Bono Panel to represent her in this matter.

In accordance with D.C.COLO.LAttyR 15 of the U.S. District Court's Local Rules, the Court hereby determines that Plaintiff Maha Suleiman merits appointment of counsel drawn from the Civil Pro Bono Panel. The Court is satisfied that the following factors and considerations, as set forth in D.C.COLO.LAttyR 15(f)(1)(B) have been met:

1) the nature and complexity of the action;

2) the potential merit of the claims or defenses of the unrepresented party;

3) the inability of the unrepresented party to retain an attorney by other means; and

4) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel.

Factors that militate in favor of appointment of counsel in this instance include that Plaintiff's tort claims do not appear frivolous on their face. Plaintiff alleges that she was seriously injured when she was descending the stairs in her apartment building. A loose and decayed railing, and a loose step, caused her to fall and sustain serious injuries for which she is still receiving treatment. (*See* Dkt. #2.) Her claims involve complex, ongoing injuries and will require medical experts.

Further, Plaintiff has made genuine efforts to obtain an attorney for herself, but to no avail. In fact, she believed she had an attorney who would enter an appearance on her behalf and who went so far as to contact defense counsel. However, that attorney unexpectedly disengaged from representing her and did not appear for the Status Conference.

Appointed counsel would materially assist Ms. Suleiman throughout the discovery process, dispositive briefing (if appropriate), settlement, and/or trial. Advancing this litigation is in the interests of justice and the assistance of counsel benefits Ms. Suleiman, Defendants, and the Court so that the matter can be resolved.

Accordingly, it is further ORDERED that pursuant to D.C.COLO.LAttyR 15(f)(2), the Clerk shall select, notify, and appoint counsel to represent the unrepresented party in this civil matter. The Plaintiff is advised that the Clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case. The Court cautions Plaintiff that she remains responsible for all scheduled matters, including hearings, depositions, motions, and trial.

Dated at Denver, Colorado this 3rd day of July, 2023.

_____
N. Reid Neureiter
United States Magistrate Judge